UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 1 4 2004

| | | |
|---|---|---|
| JOHN DOE, and PAUL DOE, by his Father and Next Friend, PAUL DOE, SR. | ) ) ) | |
| Plaintiffs, | ) ) | JUDGE HART |
| vs. | ) ) No. | 04C 2661 |
| CITY OF BERWYN and NICHOLAS A. DIGUSTINO, | ) ) ) | MAGISTRATE SIDNEY I. SCHENKIER |
| Defendants. | ) | |

## PLAINTIFFS' COMPLAINT

Plaintiffs John Doe and Paul Doe, by his father and next friend, Paul Doe, Sr., by their attorneys, PETER R. COLADARCI, LTD., complaining of defendants City of Berwyn and Nicholas A. Digustino, state:

### JURISDICTION AND VENUE

This action is brought, in part, pursuant to 42 USC §1983 for deprivation of plaintiffs' constitutional civil rights; jurisdiction is therefore appropriate under 28 USC §1331 and 1343. Supplemental jurisdiction over plaintiffs' state law claims is pursuant to 28 USC 1367.

The claims asserted herein arose in the Northern District of Illinois, and venue is therefore proper under 28 USC §1391(b).

### COUNT I

1. In February 2004, and at material times for many years prior thereto defendant City of Berwyn, under color of state law operated a youth police training and recruiting program known



as the Berwyn Police Explorers.

2. From 2001 to February 2004, plaintiffs were members of the Berwyn Police Explorers, and at material times thereto minors, and were therefore under the actual care, custody, and control of the defendant City of Berwyn.

3. From 2001 to September 2003, defendant Nicholas A. Digustino was employed as assistant director of the Berwyn Police Explorers, and was at all relevant and pertinent times under defendant City of Berwyn's, supervision and control; and moreover, defendant City of Berwyn knew or suspected defendant Digustino was having inappropriate and abusive physical and sexual contact with minor members of the Berwyn Police Explorers, including the plaintiffs herein.

4. From 2001 to February 2004, defendant City of Berwyn committed one or more of the following acts of deliberate indifference and reckless disregard for the health, safety, and welfare of minor members of the Berwyn Police Explorers, including the plaintiffs herein:

    a. Vested defendant Digustino with the power and authority of a police officer and assistant director of the Berwyn Police Explorers, although he was prone to physically and sexually abuse minor children;

    b. Had no formal policies or procedures to effect oversight of defendant Digustino's, conduct and contact with minor members of the Berwyn Police Explorers, including the plaintiffs;

    c. Did not oversee or supervise defendant Digustino's conduct and contact with minor members of the Berwyn Police Explorers, although it knew, or had reason to suspect, he was having inappropriate and abusive physical and sexual contact with them, including the plaintiffs;

    d. After learning and hearing that defendant Digustino was having inappropriate and abusive conduct and

1

    contact with minor members of the Berwyn Police Explorers, including the plaintiffs, failed to initiate effective supervision and control of defendant Digustino's conduct and contact with them;

e. After learning and hearing that defendant, Digustino was having inappropriate and abusive conduct and contact with minor members of the Berwyn Police Explorers, including the plaintiffs, failed to initiate a serious investigation of defendant Digustino, including interviewing him, other police officers who were present at the time of such physical and sexual abuse, and who were known to have knowledge of his conduct, or other members of the Berwyn Police Explorers;

f. After Digustino's inappropriate conduct and contact became known outside the Berwyn Police Department sought to obscure and hide such conduct, and its knowledge of such conduct;

g. Was otherwise deliberately indifferent to the health, safety, and welfare of minor members of the Berwyn Police Explorers, including the plaintiff.

5. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, plaintiffs were deprived of rights, privileges, and immunities guaranteed by the Fourth Amendment to the United States Constitution to be secure in their persons, namely, they were repeatedly physically and sexually abused by defendant Digustino and others at his behest while he belonged to the Berwyn Police Explorers from 2001 to 2004, and thereby suffered serious personal physical and psychiatric injuries, emotional distress, and other harm.

WHEREFORE, plaintiffs respectfully request this Court enter judgment in their favor and against defendant, City of Berwyn, for an amount in excess of $75,000, for costs and attorneys fees.

## COUNT II

1.  From at least 2001 to September 2003, and at all material times hereto, defendant Nicholas A. Digustino was a police and community service officer for the City of Berwyn, and assistant director of the Berwyn Police Explorers, a City sponsored youth organization whose purpose was to train and recruit into law enforcement, and was acting at all material times under color of State Law.

2.  From 2001 to February 2004, and at all material times hereto, plaintiffs John Doe and Paul Doe were minor members of the Berwyn Police Explorers.

3.  From 2001 to September 2003, defendant Digustino during Berwyn Police Explorers outings, events, and meetings, or by and through influence over such minor plaintiffs, he acquired through authority vested in him as assistant director of such youth program, committed one or more of the following acts of deliberate indifference for the health, safety, and welfare of plaintiffs.

   a. Kissed and fondled the plaintiffs and others;

   b. Physically abused them by beating with his hands and fists;

   c. Mentally abused and manipulated them;

   d. Threatened physical harm on the plaintiffs and their families;

   e. Threatened to harm plaintiffs through judicial and/or administrative processes;

   f. Purchased and provided alcoholic liquor to the plaintiffs and other minors for the purpose of intoxicating them to take physical and sexual advantage of them;

   g. Sprayed them with disabling pepper spray;

    h.    Stored and displayed illegal firearms, including an AR-15 for the purpose of intimidating them;

    i.    Showed and displayed pornographic magazines and videos to them;

    j.    Forced them to lie in person and in writing about his activities with them;

    k.    Was otherwise deliberately indifferent to their health and welfare.

4. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, plaintiffs were deprived of rights, privileges, and immunities guaranteed by the Fourth Amendment to the United States Constitution to be secure in their persons, namely, they were repeatedly physically and sexually abused by defendant Digustino and others at his behest while he belonged to the Berwyn Police Explorers from 2001 to 2004, and thereby suffered serious personal physical and psychiatric injuries, emotional distress and other harm.

WHEREFORE, plaintiffs John Doe and Paul Doe respectfully request this Court enter judgment in their favor and against the defendant Nicholas A. Digustino for an amount in excess of $75,000, plus costs and attorneys fees.

## COUNT III

1. From 2001 to September 2003, and at other times material hereto, defendant Digustino was employed by the City of Berwyn, as a Berwyn Police and Community Service officer, and invested by the defendant City of Berwyn with all the powers and authority normally associated therewith.

2. From 2001 to September 2003, and at other times material hereto defendant Digustino was assistant director of the Berwyn Police Explorers, invested by the City of Berwyn,

with all the powers and authority normally associated therewith, and more particularly, was granted effective custody and control of minor children members of the Berwyn Police Explorers.

3. Between 2001 and September 2003, plaintiffs John Doe and Paul Doe were members of the Berwyn Police Explorers, and came under the control and custody of defendant Digustino because of and on account of defendant City of Berwyn.

4. Between 2001 and September 2003, acting at all times as a Berwyn Police and Community Service Officer, and as assistant director of the Berwyn Police Explorers, defendant Digustino committed one or more of the following tortious acts:

  a. Kissed and fondled the plaintiffs and others;

  b. Physically abused them by beating with his hands and fists;

  c. Mentally abused and manipulated them;

  d. Threatened physical harm on the plaintiffs and their families;

  e. Threatened to harm plaintiffs through judicial and/or administrative processes;

  f. Purchased and provided alcoholic liquor to the plaintiffs and other minors, for the purpose of intoxicating them to take physical and sexual advantage of them;

  g. Sprayed them with disabling pepper spray;

  h. Stored and displayed illegal firearms, including an AR-15 for the purpose of intimidating them;

  i. Showed and displayed pornographic magazines and videos to them;

  j. Forced them to lie in person and in writing about his

activities with them;

k. Was otherwise deliberately indifferent to their health and safety.

5. As a direct and proximate result of one or more of the foregoing tortious acts, plaintiffs suffered severe and permanent physical and psychiatric injuries, emotional distress, and other harm.

WHEREFORE, plaintiffs respectfully request the Court enter a joint and several judgement in their favor and against the defendants Nicholas A. Digustino and the City of Berwyn for an amount in excess of $75,000.00, plus cost and attorneys fees.

_____
PETER R. COLADARCI

#18435
PETER R. COLADARCI, LTD.
30 N. LaSalle, Suite 3400
Chicago, IL 60602
(312) 541-2626

6

**JUDGE HART**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**04C 2661**

## Civil Cover Sheet

**MAGISTRATE SIDNEY I. SCHENKIER**

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s):** JOHN DOE, and PAUL DOE, by his Father and Next Friend, PAUL DOE, SR. | **Defendant(s):** CITY OF BERWYN, and NICHOLAS A. DIGUSTINO |
| County of Residence: Cook | County of Residence: Cook |
| Plaintiff's Atty: Peter R. Coladarci<br>Peter R. Coladarci, Ltd.<br>30 N. LaSalle, Suite 3400, Chicago, 60602<br>(312) 541-2626 | Defendant's Atty: |

**DOCKETED APR 1 4 2004**

FILED-ED4  04 APR 13 PM 3:2  U.S. DISTRICT COURT CLERK

**II. Basis of Jurisdiction:**           3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties**
**(Diversity Cases Only)**
            Plaintiff: - 1 Citizen of This State
            Defendant: - 1 Citizen of This State

**IV. Origin :**                         1. Original Proceeding

**V. Nature of Suit:**                   440 Other Civil Rights

**VI. Cause of Action:**                 42 USC 1983 Case involves physical/sexual abuse of a minor

**VII. Requested in Complaint**
            Class Action: No
            Dollar Demand:
            Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature:
Date:

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**     Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**JUDGE HART**

In the Matter of **JOHN DOE and PAUL DOE, by his father and Next friend, PAUL DOE, SR.**

**Defendants: CITY of BERWYN and NICHOLAS A. DIGUSTINO**

MAGISTRATE SIDNEY I. SCHENKIER

Case **04C 2661**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

**Plaintiff**

DOCKETED APR 1 4 2004

FILED-EDA 04 APR 13 PM 3:21 U.S. DISTRICT COURT CLERK

| (A) | (B) |
|---|---|
| SIGNATURE: Peter R. Coladarci /s/ | SIGNATURE: |
| NAME: Peter R. Coladarci | NAME: |
| FIRM: Peter R. Coladarci, Ltd. | FIRM: |
| STREET ADDRESS: 30 N. LaSalle, Ste. 3400 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 541-2626  FAX NUMBER: (312) 332-4663 | TELEPHONE NUMBER:  FAX NUMBER: |
| E-MAIL ADDRESS: peterr.coladarci@sbcglobal.net | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6183024 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER:  FAX NUMBER: | TELEPHONE NUMBER:  FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |